```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON
```

RAM SYSTEMS, LLC, an Oregon       )
limited liability company,        )
                                  )
                 Plaintiff,       )    Civil No. 07-1297-HO
                                  )
        v.                        )    O R D E R
                                  )
BECK PROPERTIES, INC., a Montana  )
corporation,                      )
                                  )
                 Defendant.       )

    Plaintiff Ram systems, LLC filed this action in the Circuit Court of the State of Oregon for the County of Marion. Defendant Beck Properties, Inc. removed to this court on August 29, 2007.

    Ram Systems and Beck Properties negotiated the purchase of a radiometric airborne mapping system from Ram to Beck for $300,000. In March of 2005, Beck properties mailed a down payment check to Ram. In April or May of 2005, Beck properties made additional payments and took delivery of the system in Jefferson, Oregon.

Upon taking delivery, Beck Properties staff received instructions on use of the system. Ram Systems contends that Beck properties has failed to pay the remaining balance on the system and alleges claims for breach of contract, promissory estoppel, equitable estoppel, and unjust enrichment. Defendant Beck Properties has brought David and Jill Johnson in as third party defendants.

Defendant Beck Properties operates a helicopter service in Helena, Montana and obtained the radiometric airborne mapping system from plaintiff Ram Systems to conduct fire mapping services. Defendant's President, Ted Beck, asserts that plaintiff Ram Systems' manager, third party defendant Jill Johnson, made a series of false statements in connection with the sale of the fire mapping system regarding value of the equipment, past experience and success by other operators of the equipment, the market for fire mapping services, and expectations for future use of the camera and mapping systems. Defendant further contends that the contract provided for return of the equipment and refund of money paid under an option arrangement. Third party defendant David Johnson (Jill Johnson's husband) operates Mid-Valley Helicopters and uses the equipment in question. Defendant Beck alleges David Johnson made false representations, in conjunction with Jill Johnson's alleged misrepresentations, regarding how profitable work with the equipment would be.

Ram Systems and David and Jill Johnson move for partial summary judgment as to Beck Properties' claim of negligent misrepresentation and David Johnson further seeks summary judgment as to the claim of fraudulent misrepresentation against him.

A.   Negligent Misrepresentation

Analysis of this claim requires a determination of whether Oregon or Montana law applies because only Oregon law requires a special relationship that entails more than common law duty to exercise reasonable care to prevent harm for negligence misrepresentation claims. Beck Properties contends Montana law applies because it negotiated from Montana, sent payment from Montana and brought the system back to Montana. However, Ram Systems negotiated from Oregon, received payment in Oregon and delivered the product to a Beck representative in Oregon.

In this case, there is an actual conflict between Oregon and Montana law as noted above. This court applies the conflict of laws analysis of Oregon state courts. See Klaxton Co. v. Stentor Co., 313 U.S. 487, 496 (1941) (The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts).

Oregon courts apply the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws to tort claims. Erwin v. Thomas, 264 Or. 454, 456 (1973) (quoting

3 - ORDER

Restatement at §§ 6, 145). Such approach requires determination of whether Montana or Oregon has the most significant connection to the parties and to the transaction and whether Oregon's interest is so important as to preclude application of Montana law despite its significant connection. See Stricklin v. Soued, 147 Or.App. 399, 404 (1997).

Beck Properties contends that it took substantial actions in Montana in reliance on the alleged misrepresentations. Oregon courts look to section 148 of the Restatement for guidance in these situations. Spirit Partners, LP v. Stoel Rives LLP, 212 Or. App. 295, 305, and 306 (2007). Section 148(2) provides:

> When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:
> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
> (b) the place where the plaintiff received the representations,
> (c) the place where the defendant made the representations,
> (d) the domicile, residence, nationality, place of incorporation and place of business of the parties,
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Beck Properties contends that the most important contact in the analysis is where it acted in reliance, citing comment g of the Restatement. It appears that defendant meant to rely on comment f, but that section indicates that the place where plaintiff takes action in reliance can provide a more important contact when it is taken pursuant to the terms of an agreement made by the plaintiff with the defendant, or is otherwise of a sort contemplated by the defendant. The comment also indicates that a plaintiff's action in reliance provides a more important contact when it is confined to a single state than when it is divided among two or more.

The Oregon Court of Appeals indicates that because determining the place of loss in fraud and misrepresentation cases can be difficult, the place of loss is less important in such cases. The place where the false representation is made, on the other hand, is an important contact. Spirit Partners, LP, 212 Or.App. at 306.

Under comment I to the Restatement, the domicile, residence and place of business of the plaintiff are more important than are similar contacts on the part of the defendant.

Here the place where the alleged misrepresentations took place occurred primarily in Oregon. Beck Properties primarily acted in reliance on the misrepresentations in Montana, but Beck Properties sent a representative to Oregon to inspect the fire mapping system and take delivery. Moreover, training on the system occurred in Oregon. Alleged misrepresentations were made in Oregon and

5 - ORDER

received in Montana via phone and facsimile. The subject of the transaction remained in Oregon during much of the alleged misrepresentations and was delivered to Beck properties after making the agreement. After the alleged reliance on misrepresentations that induced Beck to enter into the agreement, the system was transported to Montana. Moreover, Beck sent payment for the system to Oregon. Beck Properties used the system in states other then Oregon and Montana as well.

The analysis of the section 148(2) factors favors application of Oregon law. Accordingly, to prevail on its claim of negligent misrepresentation, Beck Properties must show a special relationship. Beck contends that such a relationship exists because Ram Systems and Jill and David Johnson became agents of Beck Properties.

Where a party seeks to recover economic damages for negligence arising out of a contractual relationship, plaintiff must establish that there was a special relationship between the parties that imposed on defendants the obligation to pursue plaintiff's interests and not just their own. Boyer v. Barney, 213 Or.App. 560, 564 (2007). Agents in a principal-agent relationship have a duty to act with due care and in their principals' interests. Conway v. Pacific University, 324 Or. 231, 239 (1996).

> "Agency is the fiduciary relation [that] results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement

6 - ORDER

(Second) Agency § 1 (1958). "Authority is the power of the agent to affect the legal relations of the principal by acts done in accordance with the principal's manifestations of consent to him." Restatement (Second) Agency § 7 (1958); see also Wiggins v. Barrett & Associates, Inc., 295 Or. 679, 686, 669 P.2d 1132 (1983).

Rough & Ready Lumber Co. v. Blue Sky Forest Products, 105 Or.App. 227, 231 (1991).

Beck Properties argues that Jill and David Johnson agreed to assist in obtaining work and marketing the system for the benefit of Beck Properties and agreed to train Beck employees in use of the system and that such agreements created an agency relationship. However, the record only supports a finding that the parties had contemplated a service agreement of sorts, but that it was to be a separate contract which never came into being. See Deposition of Ted Beck (attached to Declaration of Paul Connolly (#87)) at pp. 60-61 (Beck indicates his understanding of the agreement was he would pay $100,000 down and then as the camera earned money he would send that money to be applied towards the remaining $200,000 of the price "**[a]nd then after I purchased the camera, then there would be some form of a service agreement drawn up whereby service that was rendered by Ram would be ... taken care of. That never went beyond conversation that I know of.**") (emphasis added). However, Jill Johnson did state that she agreed to send a technician person the first year and do training work as well as have a technician work on behalf of Beck. Deposition of Jill

7 - ORDER

Johnson (attached to #117) at pp. 70-71, 76.  <u>See also</u> Declaration of Jill Johnson (attached to #116 at Ex. 10) at ¶¶ 13, 20 (indicates she tried to steer some business Beck's way).  In addition, Beck indicated that the provision of Ram obtaining work using the mapping system was material. Declaration of Ted Beck (attached to #116 as Ex. 14) at ¶ 25.  Nonetheless, there is no indication that Ram or Jill or David Johnson agreed to exercise independent judgment in Beck's interest or act in its behalf.  At best, Beck properties offers speculation that an agency or any special relationship existed.  Accordingly, the motion for summary judgment as to the negligent misrepresentation claim is granted.

B.   <u>Fraudulent Misrepresentation Claim Against David Johnson</u>

The elements of a fraud claim are:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.

<u>Conzelmann v. N.W.P. & D. Prod. Co.</u>, 190 Or. 332, 350 (1950).

Beck contends that it had an option to return the mapping system after the 2005 fire season, but that David Johnson made representations that Beck relied on in deciding not to return the system.  Beck relies on David Johnson's statement regarding how much work there would be and that it would create 50 days of work

8 - ORDER

in a bad year and 100 in a good year.  Beck also contends that David Johnson acted in concert with Jill Johnson and thus is liable for her fraudulent misrepresentations as well.

David Johnson argues that the alleged misrepresentations pertain to the future.  Under Oregon law, opinions or promises as to future actions generally cannot serve as a basis for fraud or misrepresentation unless it is shown that the party acted in justifiable reliance on the representations. Cia Estrella Blanca, Ltda. v. S. S. Nictric, 247 F.Supp. 161, 171-172 (D.Or.1965), aff'd. 368 F.2d 575 (CA9 1966); Ball v. Associated Oil Co., 151 Or. 383, 390, 50 P.2d 125 (1935).  The transaction at issue does not appear to qualify for an exception as to statements of future projections because it was an arms length transaction.  Cf. Campbell v. Southland Corp., 127 Or.App. 93, 99-101 (1994) (where object of future-looking statements is to induce reliance on them as asserted facts, then those statements could be more than mere opinions and the law affords a remedy not available in an arms length transaction).

The statements attributable to David Johnson relate to what will happen in the future.  Moreover, Beck only lists one representation by Jill Johnson in concert with David Johnson regarding the 50 and 100 days of work.  But Beck alleges there are many others made by Jill Johnson that may be an overinflation of how much past work the system generated.  This is a close call and

9 - ORDER

leans more toward simple buyer beware than fraud, but until the record is fully developed regarding all the instances of false representations by both Jill and David Johnson, the allegation of acting in concert is enough to keep the claim alive for now. Accordingly, the motion for summary judgment is denied as to the fraudulent misrepresentation claim against David Johnson.

## CONCLUSION

For the reasons stated above, the motion for partial summary judgment (#85) is granted in part and denied in part.

DATED this __15TH__ day of April, 2009.

                                               s/ Michael R. Hogan
                                        United States District Judge