IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| RAM SYSTEMS, LLC, an Oregon Limited Liability Company | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07-1297-HO |
| v. | ) ) | ORDER |
| BECK PROPERTIES, INC., a Montana Corporation | ) ) ) | |
| Defendant-Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| JILL M. JOHNSON and DAVID A. JOHNSON | ) ) ) | |
| Third-Party Defendants, | ) ) | |
| _____ | ) | |

This case arises from a contract dispute between plaintiff,

Ram Systems, LLC, and defendant, Beck Properties, Inc.  In March of

1 - ORDER

2005, Ram Systems negotiated for the sale of a radiometric airborne mapping system to Beck Properties for $300,000. Beck Properties purchased the system to conduct fire mapping services in connection with its professional helicopter services business. On March 31, 2005, Beck Properties mailed an initial payment to Ram Systems, followed by additional payments in April or May of 2005, before taking delivery of the system. Following the delivery of the system, Ram Systems filed claims against Beck Properties for breach of contract, promissory estoppel, equitable estoppel, and unjust enrichment alleging that Beck Properties failed to pay the remaining balance on the system.

In response, Beck Properties counterclaimed for breach of contract, fraud/misrepresentation, negligent misrepresentation, equitable estoppel, promissory estoppel, quantum meruit/unjust enrichment/quasi-contract alleging that Jill Johnson, a managing member of Ram Systems, made a series of false statements to Beck Properties with regards to the value of the equipment, the past experience and success of other operators of the equipment, the market for fire mapping services, and the expectation for future uses of the equipment. Beck Properties also alleged that David Johnson, in conjunction with his wife Jill Johnson's misrepresentations, made false representations to Beck Properties regarding the expected profitability from using the equipment. Furthermore, Beck Properties alleged that the agreement between Ram

2 - ORDER

Systems and Beck Properties provided for the return of the equipment and the refund of its payments under an option contract. Jill and David Johnson were later joined as third-party defendants to the case.

On April 15, 2009, the court granted summary judgment in favor of Ram Systems and Jill and David Johnson on Beck Properties' negligent misrepresentation claims because no special relationship existed among the parties (#136).

On June 12, 2009, the parties submitted a joint Pretrial Order (#139) to the court. In pertinent part, Beck Properties asserted the equitable defense of rescission of contract based on fraud and misrepresentation against Ram Systems' breach of contract claim.

On January 20, 2009, after a four day jury trial, the jury issued a verdict in favor of Ram Systems and against Beck Properties. The jury found that Ram Systems and Beck Properties entered in to a contract, that Beck Properties breached the contract, and that Ram Systems should be awarded $182,500 in damages.

Beck Properties has now filed two motions to the court: Motion for Ruling on Rescission of Contract (#202) and Motion to Amend the Proposed Pretrial Order to Conform to the Evidence (#212). Furthermore, David Johnson has filed a Motion for Attorney's Fees (#215).

1. Beck Properties' Motions

Beck Properties moves for this court to rule in its favor on its equitable defense of rescission of contract by finding that Beck Properties was induced to enter into a contract with Ram Systems based on Jill Johnson's negligent misrepresentations. Beck Properties contends that the issue is properly before the court because the court reserved ruling on this matter for itself on equitable grounds.[1]  Beck Properties argues that under <u>Johnson v. Cofer</u>, 204 Or. 142 (1951), a party's reliance on negligent misrepresentations or false statements of a material fact is a basis for rescinding a contract. Beck Properties believes that it sufficiently established at trial that Jill Johnson made negligent misrepresentations to Beck Properties about other operators of the equipment and the number of "camera days" of work that they were able to generate from using the equipment.  Beck Properties argues that its reliance on Jill Johnson's negligent representations was a basis for entering into an agreement with Ram Systems. Therefore, in Beck Properties' view, this court should rescind the underlying contract and return the sums paid to Ram Systems.

---

[1]Beck Properties contends that negligent misrepresentation is properly before the court because the issue was extensively pleaded (including in the Pretrial Order), briefed, and presented at trial. Beck Properties argues that the negligent misrepresentations of Ram Systems and Jill Johnson have been part of its claims and defenses since the beginning of this action.  Furthermore, Beck Properties argues that the court reserved ruling on the rescission of contract issue for itself when not submitting the issue to the jury.

4 - ORDER

Beck Properties further moves for this court to amend the Pretrial Order to conform to the evidence presented at trial. Specifically, Beck Properties seeks to add language regarding negligent misrepresentation to its rescission defense under paragraph IV.B.9. of Ram System's first claim for breach of contract.[2] Beck Properties argues that under FRCP 15(b) and 16, the court has the authority to modify the Pretrial Order, even after the trial has ended.

The court probably need not reach the merits of Beck Properties' rescission of contract defense because the jury's verdict likely negates a finding of Beck Properties' right to rely on any negligent misrepresentations. Moreover, Beck Properties failed to properly plead this defense. However, even if the court were to agree that the defense has been properly pleaded, Beck Properties' defense is without merit.

First, Beck Properties did not plead negligent misrepresentation as a basis for rescission in the Pretrial Order. Beck Properties asserted "fraud and misrepresentation" as a basis

_____

[2]Paragraph IV.B.9. reads as follows: "RAM's claims are barred because any contract between the parties is invalid as Beck Properties was induced to enter into the agreement because of the fraud and misrepresentation of RAM."  Beck Properties seeks to amend the Pretrial order by adding:"Because of Ram's negligent misrepresentation and/or false statement of material fact, the contract should be rescinded or cancelled and the parties returned to their position they were in before the contract was formed.  RAM should return to Beck Properties all sums paid for the camera, and Beck Properties should return the camera to RAM."

for rescinding the underlying contract with Ram Systems. Pretrial Order, pg. 6. The parties' joint Pretrial Order governs the course of action or proceedings of this case, and an issue that was not addressed in the Pretrial Order cannot now be raised. FRCP 16; Local Rule 16-6. Furthermore, permitting Beck Properties to amend the Pretrial Order now would unduly prejudice Ram Systems because it would have not had an opportunity to respond to or present evidence to rebut the negligent misrepresentation issue in connection with the rescission defense. See Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005). Therefore, Beck Properties' request to amend the Pretrial Order is denied, and it is further barred from raising negligent misrepresentation as a basis for rescinding the contract.

Second, even if the court were to consider negligent misrepresentation as a basis for rescinding the contract, Beck Properties' defense lacks merit. In Oregon, negligent or innocent misrepresentations of fact may be a basis for rescinding a contract. See Lesher v. Strid, 165 Or.App. 34, 41-42 (2000); Soursby v. Hawkins, 307 Or. 79, 84 (1988); Johnson, 204 Or. at 149. However, the party seeking relief must prove by clear and convincing evidence that it had a legal right to rely on the other party's statements. Lesher, 165 Or.App. at 41-42.

The court already ruled on summary judgment that a special relationship did not exist between the parties. Beck Properties

6 - ORDER

did not otherwise have a legal right to rely on the alleged negligent misrepresentations of Jill Johnson because the parties were engaged in an arm's length transaction and were on equal footing with one another.[3]  Therefore, Beck Properties' rescission defense based on negligent misrepresentation is denied.

## 2. David Johnson's Motion

David Johnson moves for an award of reasonable attorney's fees to cover costs expended in defending himself against Beck Properties' fraud and negligent misrepresentation claims.  David Johnson contends that pursuant to FRCP 54(d)(2) and O.R.S. § 20.105(1),[4] an award of attorney's fees is appropriate because Beck Properties' claims had no objectively reasonable basis in law or fact.  David Johnson seeks one half of the total fees expended by both he and his wife Jill Johnson between the day that Beck Properties filed a claim against him and the first day of trial when he was dismissed from the case.

---

[3]The record shows that Ted Beck, President of Beck Properties, was a seasoned businessman who owned several companies and had extensive experience with business transactions.  The court finds that there was substantially equal bargaining power between the parties.  Notably, the court instructed the jury to consider the relative status, knowledge and experience of the parties in determining whether Beck Properties' reliance on Jill Johnson's statements was reasonable.  The jury returned a verdict in favor of Ram Systems and Jill Johnson on Beck Properties' fraudulent misrepresentation claim.

[4]In diversity cases, attorney's fee awards are governed by state law.  In re Larry's Apartment, L.L.C., 249 F.3d 832, 837-838 (9th Cir. 2001).

7 - ORDER

O.R.S. § 20.105(1) provides that a court may "award reasonable attorney fees to a party against whom a claim...is asserted, if that party is a prevailing party in the proceeding..upon a finding by the court that...there was no objectively reasonable basis for asserting the claim."  "In determining whether a party had an objectively reasonable basis for asserting a particular claim, the primary issue is whether there is evidence in the record to support the claim - that is, whether the party's claim is entirely devoid of legal or factual support at the time it was made."  <u>Lenn v. Bottem</u>, 221 Or.App. 241, 248 (2008).

The court dismissed Beck Properties' claims of negligent misrepresentation on summary judgment because it determined that under Oregon law, a special relationship did not exist between the parties.  However, the court decided to wait until the record was fully developed before ruling on the fraud claim against David Johnson.  On the first day of trial, the court struck all of the allegations of fraud against David Johnson because the allegations were not statements of fact on which a fraud claim could be based. As a result, David Johnson was dismissed from the case.

After reviewing the record, the court finds that Beck Properties had an objectively reasonable basis for asserting its claims against David Johnson.  That is, Beck Properties had some legal and factual support for asserting its claims at the time that the claims were made.  There was some evidence in the record to

support Beck Properties' claim of negligent misrepresentation against David Johnson. Specifically, there was evidence that David Johnson may have agreed to assist Beck Properties with obtaining work, marketing the system, and training employees (thereby creating an agency relationship-special relationship). There was also evidence that David Johnson may have made representations to Beck Properties regarding the expected profitability from using the equipment.

Furthermore, there was some evidence in the record to support Beck Properties' claim of fraud against David Johnson. Specifically, there was evidence that David Johnson may have made representations to Beck Properties about the number of work days that the equipment would generate, and there was evidence that he may have acted in concert with his wife Jill Johnson when she made alleged misrepresentations to Beck Properties about the equipment.

The court acknowledges that there is very little evidence in the record to support Beck Properties' claims against David Johnson. However, the record was not completely devoid of any legal or factual support to justify an award of attorney's fees to David Johnson.

## Conclusion

Based on the foregoing, Beck Properties' Motion for Ruling on Rescission of Contract [#202] and Motion to Amend the Proposed Pretrial Order to Conform to Evidence [#212] are denied. David

9 - ORDER

Johnson's Motion for Attorney's Fees [#215] is also denied.

Moreover, Ram Systems and Jill Johnson's oral motion for a mistrial has been withdrawn and is therefore denied as moot. Beck Properties' oral motion pursuant to FRCP 41(b) is denied. All other pending motions are denied.


DATED this ___27th___ day of ___April_____, 2010.


_____s/ Michael R. Hogan_____
UNITED STATES DISTRICT JUDGE

10 - ORDER